**Board of Mgrs. of the Oceana Condominium No. Eight v Usmanov**

2024 NY Slip Op 33536(U)

October 2, 2024

Supreme Court, Kings County

Docket Number: Index No. 10720/2013

Judge: Derefim B. Neckles

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-2 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, 11201 on the 2nd day of October, 2024.

P R E S E N T:

HON. DEREFIM B. NECKLES,

Acting Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

BOARD OF MANAGERS OF THE OCEANA
CONDOMINIUM NO. EIGHT,

Plaintiff,

- against -

Index No. 10720/2013

FARKHADJAN USMANOV, FLAGSTAR BANK
FSB, HOME VEST CAPITAL LLC, LEAF
FUNDING, INC., NYS DEPARTMENT OF
TAXATION and FINANCE, UNITED STATES
OF AMERICA, INTERNAL REVENUE SERVICE,
THE BANK OF NEW YORK MELLON,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEM,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| The following e-filed papers read herein: | NYSCEF Doc Nos. |
|---|---|
| Order to Show Cause/Affirmation/Opposition | 31-34, 42, 51-110 |
| 2nd Order to Show Cause/Affirmation/Opposition | 47-49, 115, 116 |

Upon the foregoing papers in this proceeding to foreclose on a condominium common charge lien on 105 Oceana Drive East, Unit 1D, Brooklyn, New York, non-party, MS Global Group LLC ("MS Global") moves by order to show cause (under mot. seq. 5) for an order (1) vacating the order to show cause dated June 13, 2023 pursuant to CPLR §5015(a)(4) for lack of personal jurisdiction over MS Global, and (b) vacating the June 13,

[* 1]

2013 order pursuant to CPLR §5015(a)(3) due to fraud, misrepresentation, or other misconduct of an adverse party, defendant Farkhadjan Usmanov ("Usmanov").

Non-party, West Fork Capital Equities LLC ("West Fork"), moves by order to show cause (under mot. seq. 6) for an order vacating the order to show cause dated June 13, 2013 with prejudice for lack of personal jurisdiction over West Fork.

### Background

Plaintiff commenced this action on June 11, 2013, against defendant Usmanov, to foreclose a condominium charge lien for non-payment of common charges. Usmanov was served with the summons and complaint on June 28, 2013, and later defaulted in this action. A judgment of foreclosure and sale was entered against Usmanov on April 24, 2015. A foreclosure auction was held on January 7, 2016, where West Fork was the successful bidder. West Fork was deeded the property on April 6, 2016, by a referee's deed. Thereafter, on July 18, 2018, West Fork conveyed the property to MS Global.

On June 1, 2023, Usmanov moved by order to show cause (mot. seq. 4) seeking to vacate the judgment of foreclosure and sale, vacating the referee's deed, and the subsequent deed to MS Global. The order to show cause was signed by this court on June 13, 2023. Movants allege that Usmanov failed to serve the order to show cause on West Fork and MS Global and as a result, neither party filed opposition or appeared on the return date, and the order to show cause was granted on default.

Non-parties, MS Global and West Fork, now file these instant orders to show cause to vacate the June 13, 2023 order.

2

[* 2]

*Discussion*

This court signed the June 13, 2023 order to show cause and directed that service of the order with supporting papers be served on plaintiff's attorney, the current owner or deed holder, the referee, and "any other party entitled to notice via overnight mail."

Where a defendant moves to set aside a foreclosure sale, and thereby seeks to deprive the purchaser of his acquired interest in the property, the purchaser becomes an indispensable party to the motion. See e.g. *Citicorp Mortg. Inc. v Ronkon*, 289 A.D.2d 438 (2d Dept 2001). Here, West Fork was the successful bidder in the subject foreclosure sale and was therefore an indispensable party to this action.

Usmanov's order to show cause sought vacatur of the referee's deed to West Fork. Where this court directed service on "any other party entitled to notice", Usmanov should have served West Fork since he was seeking to deprive West Fork of their interest in the property. Here, Usmanov's affidavit of service annexed to the signed order to show cause, clearly shows that West Fork was not one of the parties served with the order to show cause.

Whether or not authorized by a court order, jurisdiction over a nonparty...cannot be obtained by service upon it...by either ordinary mail or certified mail. *Matter of Liberty Mut. Ins. Co.*, 625 N.Y.S.2d 619, 620 (1995). In *Matter of Liberty*, the court held that proper service was never effected, jurisdiction was never obtained, and as a result the default judgment must be vacated because the nonparty was only served through certified mail. *Id.* Here, MS Global is a nonparty to the instant foreclosure action, and it was only

3

[* 3]

served the motion papers by overnight mail. Thus, the directed service in the order to show cause was improper, and MS Global was not properly served.

Accordingly, it is

**ORDERED** that MS Global's order to show cause (mot. seq. 5) is granted in all respects.

**ORDERED** that West Fork's order to show cause (mot. seq. 6) is granted in all respects.

This constitutes the decision and order of the court.

ENTER,

HON. DEREFIM B. NECKLES
A. J. S. C.

4

2024 OCT -2 A 9: 55  KINGS COUNTY CLERK FILED

2024 OCT -3 A 2: 39  KINGS COUNTY CLERK FILED

[* 4]